UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
OCT 15 2001
U. S. DISTRICT COURT
EASTERN DISTRICT OF M.

| | |
|---|---|
| LEODAS JACKSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PETER ST. JAMES, )<br>)<br>Defendant. ) | Case No. 4:01CV1478 CDP |

## ORDER

After defendant timely removed this action to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331, plaintiff moved to remand. Plaintiff argues that removal was improper because his claims are based solely on Missouri common law, namely civil assault and battery and negligence. Defendant contends that plaintiff's complaint invokes a federal question by stating that plaintiff was "deprived of the rights and immunities secured to him under the Constitution and laws of the United States."

The "party who brings a suit is master to decide what law he will rely upon" and therefore determines whether he will bring a suit arising under federal law. <u>Pan American Petroleum Corp. v. Superior Court</u>, 366 U.S. 656, 662 (1961). Federal question jurisdiction will be found only when a federal question is presented on the face of plaintiff's properly pleaded complaint. <u>See Caterpillar,</u>



Inc. v. Williams, 482 U.S. 386, 392 (1987). "A right created by federal law must be an essential element of plaintiff's cause of action and the centrality of this federal claim must appear on the face of the 'well-plead' complaint unaided by the answer or petition for removal." First Nat. Bank of Aberdeen v. Aberdeen Nat. Bank, 627 F.2d 843, 849 (8th Cir. 1980).

Upon review of plaintiff's complaint, I find that neither the civil assault and battery claim nor the negligence claim arise under federal law. Plaintiff's two causes of action are based exclusively on Missouri common law. Plaintiff does not invoke federal question jurisdiction merely by alleging that he has been deprived of his rights under the Constitution and laws of the United States. This is clearly not an essential or central element of plaintiff's petition.

Additionally, as the party bringing the suit, plaintiff had the option of pleading of violation of federal statute. Plaintiff has made the decision not to pursue possible federal claims against the defendant and has selected a state forum to litigate his state claims. Defendant cannot force plaintiff to bring federal claims, and I have no jurisdiction in the absence of such claims. I will grant plaintiff's motion to remand this case to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#8] is

granted, and the Rule 16 scheduling conference previously scheduled for October 18, 2001, is cancelled.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this case to the Circuit Court for the City of St. Louis from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of October, 2001.

UNITED STATES DISTRICT COURT EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE
FOLLOWING INDIVIDUALS ON 10/15/01 by bkirklan
                  4:01cv1478    Jackson vs St. James

28:1441 Petition for Removal- Civil Rights Act

| | |
|---|---|
| Gary Growe -  9255 | Fax: 314-863-9388 |
| Craig Higgins -   3397 | Fax: 314-622-4956 |
| Eric Schmitt -   102010 | Fax: 314-863-9388 |
| Michael Stelzer -   34542 | Fax: 314-622-4956 |

copy sent to:

Mariano Favazza, Clerk
Circuit Court of the City of St. Louis
State of Missouri
11th and Tucker
St. Louis, MO 63101

SCANNED & FAXED BY:
OCT 1 6 2001
DJO